**MOVEMENT AGAINST DESTRUC-
TION et al., Appellants,**

**v.**

**John A. VOLPE et al., Appellees.**

**No. 73–2136.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 2, 1974.

Decided March 19, 1974.

Rehearing Denied May 7, 1974.

John C. Armor, Baltimore, Md., for appellants.

Terrence L. O'Brien, Atty., U. S. Dept. of Justice, and Lawrence F. Rodowsky, Baltimore, Md. (Wallace H. Johnson, Asst. Atty. Gen., George Beall, U. S. Atty., Jean G. Rogers, Sp. Asst. U. S. Atty., and George R. Hyde, Irwin L. Schroeder, Attys., U. S. Dept. of Justice, on brief for Secretary of Transportation; Francis B. Burch, Atty. Gen. of Md., Lloyd J. Hammond, Sp. Atty., Baltimore, Md., Randy H. Lee, Asst. Atty. Gen., on brief for state appellee; George L. Russell, Jr., City Sol., and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., on brief for city appellees), for appellees.

Before BRYAN, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

The Movement Against Destruction (MAD) along with other community associations and individuals prayed an injunction and declaratory judgment from the District Court in October 1972, to bar further construction of the "3–A System", or segments thereof, of the Federal Aid Interstate System in Baltimore, Maryland, until the defendants— the Secretary of the Department of Transportation of the United States and

the Chief of the Interstate Division for Baltimore—had satisfied the Court that they were complying with the aims and exactions of: The National Environmental Policy Act (NEPA), 42 U.S.C. § 4331 et seq., The Federal-Aid Highway Act, as amended, 23 U.S.C. § 101 et seq., The Clean Air Amendments of 1970, particularly 42 U.S.C. § 1857 et seq., and The Department of Transportation Act, as amended, 49 U.S.C. § 1651 et seq.

A class action was made of the suit by order of February 28, 1973, admitting as plaintiffs certain persons seeking to represent those citizens of Baltimore directly or adversely affected by such construction. The City was also allowed to intervene. Eventually, the suit was consolidated with two others which posed some of the questions presented in the master cause. The order of February 28, 1973 also framed the issues at stake.

The consolidated litigation was heard by District Judges Thomsen and Miller, sitting together. Their findings and conclusions are stated in an opinion filed June 22, 1973 and reported as Movement Against Destruction v. Volpe, D.C., 361 F.Supp. 1360. It comprises a strikingly comprehensive compendium of the multi-factual context of the suit, with lucid resolution of the many legal complications.

By a final order dated June 26, 1973 injunctive relief was denied in each of the combined actions. Also, the Court refused a declaratory judgment of violation by the defendants of any of the statutes heretofore listed. The two suits joined with the MAD action were left upon their respective calendars for adjudication as to issues not decided in the consolidated cause. Further, a reservation appears in the final order as follows:

"The Complaint in *Movement Against Destruction, et al. v. John A. Volpe, Secretary of Transportation, et al.,* Civil No. 72–1041–M, be and the same is hereby dismissed, without prejudice to the right of the Plaintiffs originally named therein, or any of them, to file an Amended Complaint on or before November 1, 1973, with respect to any of the roads or segments in the 3–A configuration, raising any points which have not been theretofore decided."

On this appeal from the final order we affirm upon the opinion of the District Court. We decline to award plaintiffs counsel fees and we deny the petition for an injunction pending appeal which had been deferred for hearing along with the final argument of the appeal.

In oral argument appellant's counsel noted that *since* the entry of the final order, officials of the Federal Executive Department have promulgated regulations, and the Maryland legislature has passed laws, that might affect certain aspects of the proposed means of transportation in Baltimore. See e. g.: Presidential Executive Order No. 11,748, December 4, 1973, and Environmental Protection Agency's revised regulations, 39 Fed.Reg.No. 10, Part 3, Jan. 15, 1974; 41 Maryland Code Anno. 15B, as amended November 13, 1973; Executive Order, Governor of Maryland, effective February 12, 1974. Defendants, in this connection, refer to the Emergency Highway Energy Conservation Act, Pub.L. 93–239, § 3, 87 Stat. 1046, 42 USLW 21 (1974), and to Presidential messages reported as 10 Pres.Docs. 72, 122, 140, 161 and 165. The District Court, of course, did not consider these matters and we express no opinion upon their relevancy to the issues presented on this appeal.

Affirmed.

## ORDER DENYING PETITION FOR REHEARING

Upon consideration of the petition of the appellants, Movement Against Destruction, et al., for a rehearing, the Court concludes that it presents no ground warranting modification of the original decision and opinion herein, and the petition should be and is hereby denied. This order does not foreclose the

District Court, should it be so advised, from considering the effect, if any, in this case of any laws and regulations enacted and promulgated while this appeal was pending.

BUTZNER and WIDENER, Circuit Judges, concur.